# Manus Bonner v. Pittsburg Bridge Company, Appellant.

*Negligence—Master and servant—Defective machinery—Safety device—Question for jury.*

In an action by an employee against his employer to recover damages for personal injuries caused by an accidental change of gear of a crane so constructed as to be operated by either a slow or fast gear, the case is for the jury where the evidence for the plaintiff shows that the accident could have been prevented by a safety lock, a well known and not expensive device, but the testimony is conflicting as to the general use of such a device on cranes similarily constructed and operated.

Argued Nov. 1, 1897. Appeal, No. 133, Oct. T., 1897, by defendant, from judgment of Superior Court, April T., 1897, No. 168, affirming judgment of C. P. No. 2, Allegheny Co., Oct. T., 1895, No. 732, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

The facts appear by the report of the case in 5 Pa. Superior Ct. 281. See Bonner v. Bridge Co., ante, 195.

*Error assigned* was in affirming judgment of the court of common pleas.

*W. P. Potter*, with him *Wm. A. Stone*, for appellant.—Nothing is better settled under the law of Pennsylvania than that an employer is not bound to furnish for his workmen the safest machinery and provide the best methods for its operation in order to save himself from responsibility for accidents resulting from its use. If the machinery be of ordinary character, and such as can, with reasonable care, be used without danger to his employees, it is all that can be required of the employer: Drew v. Gaylord Coal Co., 3 Kulp, 207; Faber v. Carlisle Mfg. Co., 126 Pa. 387; Pittsburg R. R. v. Sentmeyer, 92 Pa. 276; McAvoy v. Pa. Woolen Co., 140 Pa. 1; Coal Co. v. Hayes, 128 Pa. 294; Phila. & Read. R. R. v. Hughes, 119 Pa. 302; Shaffer v. Haish, 110 Pa. 575; Payne v. Reese, 100 Pa. 301; Iron Ship Building Works v. Nuttall, 119 Pa. 149.

The master is not responsible for injuries to an employee; the

result of carelessness or negligence on the part of such employee's fellow workmen: Barlow v. Steel Co., 154 Pa. 130.

In an action for negligence—the proximate, and not the remote cause of the injury suffered is to be considered.

*John F. Miller*, with him *James F. Burke*, for appellee.—It is not contended on the part of plaintiff that an employer is bound to furnish the best possible tools, machinery and appliances for the use of his workmen. It is, however, well settled law that he must provide machinery, tools and appliances which, with the exercise of reasonable and ordinary care on the part of the workmen, can be used with safety: Faber v. Carlisle Mfg. Co., 126 Pa. 387; Coal Co. v. Hayes, 128 Pa. 294; Brown v. Hughes, 128 Pa. 194; Phila. & Reading R. R. v. Hughes, 119 Pa. 301.

PER CURIAM, November 8, 1897:

There appears to be no error in this record: nor is there anything in the questions involved that requires discussion. The judgment is affirmed on the opinion of the Superior Court.